## PARSONS vs. J. & H. WILKERSON.

1. A bill to enjoin a judgment at law, must make a transcript of the judgment an exhibit in the cause.

2. Such omission may be taken advantage of by demurrer, or as a ground to dismiss the bill on the final hearing.

46

*Parsons* vs. *J. & H. Wilkerson.*

APPEAL from Lincoln Circuit Court.,

CARTY WELLS, *for Appellant, insists:*

1. There is no equity in the bill.
2. Complainant had an adequate remedy at law. He could have moved to set aside the judgment for irregularity, or he could have had a writ of prohibition.
3. The bill was defective in not exhibiting the judgment complained of.
4. The answer denied some of the material allegations in the bill, and there was no proof to sustain them.

W. M. CAMPBELL, *for Appellees, insists:*

1. If the statements contained in their bill of complaint are true, they are entitled to the relief asked for by them. 14 Johns. Rep., p. 121, Borden vs. Fitch; 19 Johns. Rep., p. 39, Bigelow vs. Stearnes; Rev. Stat. of Mo., 1835, p. 366.
2. The answer admits the prominent facts stated in the bill, and does not deny the other statements of the bill in such a manner as to prevent the complainants from obtaining a decree.
3. The plaintiff sets up in his answer certain affirmative matters in avoidance of the bill, which are denied by the replication; and it is then his duty to introduce evidence to sustain his affirmations; but he failed to do so, and the court properly took the bill for confessed as to all material points.
4. When, as in this case, the defendant asserts the existence of certain records, proceedings and facts, as the ground of his defence, and the complainants deny the existence of such records, proceedings and facts, the burden of proof in relation thereto is thrown on the defendant and not on the complainants who deny, and the complainants cannot be lawfully held to prove negatives.

McBRIDE, J., *delivered the opinion of the Court.*

John and Herrod Wilkerson filed a bill in the Lincoln Circuit Court alleging that Parsons had obtained a judgment against them before a justice of the peace of said county on a proceeding by garnishment in a case wherein said Parsons was plaintiff and one Elijah Wilkerson was defendant, under the pretence that they were indebted to said Elijah; that the judgment against them was had without any notice whatever having been given them, and that they had no notice of the said judgment until it was too late for them to take an appeal, and that the said Parsons sued out execution against them on the judgment thus obtained, at a period of time when there was no competent tribunal in session to arrest or stay the proceedings by any means known to the common law; that they were not in fact or in law indebted at the time of the rendition of said judgment against them to the said Elijah Wilkerson in any sum whatever. They make Parsons a party defendant to their bill,

and pray that an injunction may issue restraining the collection of the said judgment. An injunction was granted them. Parsons answers, admitting his judgment against Elijah Wilkerson and his subsequent judgment against John and Herrod Wilkerson by a proceeding had against them, but whether the said judgment was rendered against them without any notice in fact, he is not advised; and whether they had notice in law of the proceedings against them, he refers to the proceedings had before the justice of the peace who rendered the judgment. He charges that the complainants were, at the date of the judgment against them, indebted to Elijah Wilkerson in a sum greater than the judgment. He insists that his judgment is regular, and that he had a right in law to the same.

To the answer, the complainant filed a general replication.

The parties went to trial on the bill, answer and replication, when the court rendered a decree perpetuating the injunction and awarding costs against the defendant, from which decree the defendant appealed to this Court.

The bill is clearly defective in not making an exhibit of a transcript of the judgment sought to be enjoined, and no decree should have been rendered on it. When a party seeks to enjoin a judgment at law, the invariable practice, so far at least as our experience extends, is to make a copy of the judgment an exhibit in the bill, for that is better evidence of the existence of the judgment and the proceedings leading to it than the statement contained in the bill.

It may be said, that if the bill be defective for the reason above assigned, the defendant should have demurred, and not slept upon his rights until after a decree has been rendered against him, and then be permitted to come in and avail himself of the omission in the bill. This would perhaps be the better practice, and the suggestion would have its proper weight, provided we could see clearly from the bill and answer that the decree was for the right party on the merits. But, without intending to express any opinion on the merits, we would premise whether there are not material allegations in the bill flatly and positively denied in the answer, and no evidence was offered by the complainants to sustain them If so, the bill should have been dismissed on the hearing.

The decree of the Circuit Court ought to be reversed, and the other Judges concurring, the same is reversed, and the bill dismissed without prejudice.